(No. 4389— 

EMILY PASCHAL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

HERMAN W. SNOW AND JOHN H. BECKERS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Emily Paschal, seeks to recover from respondent under the Workmen's Compensation Act for injuries sustained in an accident that arose out of and in the course of her employment as an Institution Worker and acting Chief Housekeeper at the Manteno State Hospital, operated by the Department of Public Welfare.

On February 6, 1950, claimant, then 70 years of age, was struck by a truck, which backed into her while she was engaged in her duties on the hospital grounds. She was examined and treated by a doctor on the staff of the hospital the same day, but was not hospitalized at the time.

From April 17, 1950 to April 28, 1951, claimant was hospitalized at the Institution for what is com-

monly known as milk leg. After this period of hospitalization, claimant took some of her annual vacation.

Except for a few days sick leave, vacation, and the one period of hospitalization above referred to, claimant has worked continuously since February 6, 1950 drawing her full salary of $193.00 per month, which was her rate of pay at the time of the accident.

Obviously claimant is not entitled on this record to compensation for total permanent disability, nor is she entitled to any compensation for partial permanent disability, because the record shows no differential in earnings, or diminution in her ability to earn. *Cogdill* vs. *State*, 18 C.C.R. 24. Therefore, an award to claimant must be denied under Section 8 (d) (f) of the Workmen's Compensation Act.

Claimant also claims reimbursement for drugs and a medical examination in Chicago. Such expenditures were not authorized by respondent, and claimant elected to make them herself, and is not entitled to recover therefor. (Section 8 (a) of the Workmen's Compensation Act.)

We are not unmindful of the fact that the record shows aggravation of a pre-existing osteoarthritis in the spine, and that in the year subsequent to her accident claimant displayed a progressive disability. Through dieting, she had lost about 50 pounds in weight without any material benefit to her condition of ill-being. However, we have been unable to find any section of the Workmen's Compensation Act that would allow claimant an award on the record before us.

Sylvia MacQueen, Kankakee, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Wise. Her charges of

$15.00 are reasonable, and an award is entered in her favor for $15.00.

An award to claimant, Emily Paschal, is denied.

This award is subject to the approval of the Governor. Ill. Rev. Stat., Chap. 127, Sec. 180, as amended 1951, July 1, Laws 1951, p. 1441, H.B. 1077, Sec. 1.